UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>LUIS LEON,<br>    Defendant. | C.R. No. 19-0051-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

## I.   BACKGROUND

After pleading guilty to a two-count information charging him with possession with the intent to distribute cocaine and fentanyl, Luis Leon ("Leon") was sentenced to 120 months of incarceration on August 11, 2020.[1] On December 3, 2020, Mr. Leon was transferred to the Federal Correctional Institution in Schuylkill, Pennsylvania ("FCI Schuylkill") where he remains to this day.  The defendant, through counsel, moves pursuant to 28 U.S.C. § 2255 to reduce his sentence to reflect recognition of what he considers unconstitutional confinement because of inadequate healthcare and overcrowded conditions at FCI Schuylkill.  (ECF No. 45.)  Through this motion, Mr. Leon contends that he has been consistently subjected to overcrowding and inadequate healthcare because of the deliberate indifference of prison officials.  (ECF

---

[1] 120 months was the mandatory minimum sentence required for the first count of the information.

No. 45.) This mistreatment, he alleges, rises to the level of an Eighth Amendment violation warranting a sentence reduction to a sentence of time served.

The Court directed the government to reply to Mr. Leon's motion and in response the government objected to consideration of these claims pursuant to 28 U.S.C.§ 2255. It argues that the relief sought should properly be brought either pursuant to 28 U.S.C. § 2241 or as a civil rights action. (ECF No. 50.) Because Mr. Leon is not in the District of Rhode Island, the government asserts that the action must be dismissed or opened as a civil action but transferred to the Middle District of Pennsylvania, where FCI Schuylkill is located. Alternatively, the government posits that the Court could consider the motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) but dismiss it because Mr. Leon has failed to exhaust his administrative remedies with the Bureau of Prisons as is required before a prisoner can seek relief under that statute.

In reply to the government's response Mr. Leon has argued that 28 U.S.C. § 2255 applies to his case and that the alternatives that the government set forth were designed to cause him to fail. Mr. Leon contends that the court must view the present motion as one brought pursuant to 28 U.S.C. § 2255 and that *Trenkler v. United States*, 536 F.3d 85 (1st Cir. 2008) gives the Court the authority to do so. (ECF No. 51). In further response the government countered that, should the court accept Mr. Leon's invitation it must dismiss his motion with prejudice because an action under § 2255 would be time barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 52). Finally, Mr. Leon responded that the

limitation period under AEDPA should be tolled in accordance with *Ramos-Martinez v. United States*, 638 F.3d 315 (1st Cir. 2011).[2]

At the heart of the procedural dispute is Mr. Leon's desire to have this Court as the sentencing court consider his substantive argument seeking a downward adjustment to his sentence because of the alleged situation at FCI Schuylkill; the government maintains that there is no such appropriate procedural vehicle and that Mr. Leon's only recourse, if any, lies in Pennsylvania.

## II. DISCUSSION

As an initial matter the court must address its jurisdiction to hear this motion which has been brought under 28 U.S.C. § 2255. Federal Courts are always under an obligation to examine their own jurisdiction. *Gonzalez v. United States*, 150 F. Supp. 2d 236, 240 (D. Mass. 2001). "Generally, motions to contest the legality of a

---

[2] Neither ECF 52 or 53 was filed with permission of the court and are not provided for by the controlling rules. U.S.C.S. Sec 2255 Proc. R. 5 provides:

> (a) When required. The respondent is not required to answer the motion unless a judge so orders.
> (b) Contents. The answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing.
> (c) Records of prior proceedings. If the answer refers to briefs or transcripts of the prior proceedings that are not available in the court's records, the judge must order the government to furnish them within a reasonable time that will not unduly delay the proceedings.
> (d) Reply. The moving party may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule.

Notwithstanding the parties' failure to follow procedural rules, the court has considered all filings in arriving at its opinion here.

sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id*. As the sentencing court this court would therefore have jurisdiction to hear a § 2255 Motion.

However, while Mr. Leon has asserted that this motion falls properly under § 2255, that section confers jurisdiction to vacate or correct a sentence only if the prisoner is claiming that his sentence was imposed in violation of the Constitution or the laws of the United States, that the sentencing court lacked jurisdiction, that the sentence exceeded the statutory maximum, or that the sentence "is otherwise subject to collateral attack." *Id*. In support of this motion, he has pointed to what he alleges is inadequate medical treatment, and the denial of treatment, which he claims resulted in a violation of his rights under the 8th Amendment. (ECF No. 45-1.) Notably Mr. Leon does not claim an infirmity in the judgment, or the proceedings leading up to the judgment.

This motion, alleging a violation of the Eighth Amendment protection against cruel and unusual , more properly falls within the ambit of a civil rights action brought pursuant to 28 U.S.C. §2241.[3] Section 2255 "does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or

---

[3] Although the government invited the court to consider this motion pursuant to 28 U.S.C. 2241, Mr. Leon declined. The court will not address the proper vehicle for litigating his complaints but notes that he has not moved for compassionate as he asserted in his filings.

4

illegality of the sentence." *United States v. DiRusso*, 535 F.2d 673, 674 (1st Cir. 1976). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Similarly, a civil rights action must be brought in the jurisdiction where the prisoner is held. (*See* 28 U.S.C. § 1391(b)).

"[A]s a general matter, habeas corpus proceedings are the proper mechanism for challenging the 'legality or duration' of confinement. By contrast, a non-habeas civil action is the proper method of challenging conditions of confinement." *Diaz v. Grondolsky*, C.A. No. 13-11341-NMG, 2013 WL 3892894, at *4 (D. Mass. July 24, 2013) *(citing Preiser v. Rodriguez*, 411 U.S. 475, 484-499 (1973) and *Allen v. McCurry*, 449 U.S. 90, 104 (1980)).

For these reasons the Defendant's Petition is DISMISSED without prejudice.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

January 24, 2024